IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JACOBEL YEBOAH ASARE,

     Petitioner,

v.                                                                    No. 2:26-cv-0731-KG-JFR

PAMELA BONDI, Attorney General of the United States;
ACTING SECRETARY, U.S. Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
WARDEN, Otero County Processing Center,

     Respondents.[1]


<u>ORDER TO ANSWER AND ENJOINING TRANSFER OUT OF DISTRICT</u>

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (Doc. 1, supplemented by Doc. 3) (collectively, "Petition"). Petitioner is

detained at the Otero County Processing Center in Chaparral, New Mexico and is proceeding *pro

se*. Petitioner states she arrived in the United States on August 17, 2023 on an F1 Visa, and has

remained in the United States. (Doc. 1) at 2. She was detained by Immigration and Customs

Enforcement (ICE) on November 18, 2025. *Id.* On February 19, 2026, her asylum application

was denied and an Immigration Judge entered a withholding of removal to Ghana. (Doc. 3) at

53-56 (Immigration Judge's Order). The Immigration Judge's Order reflects that both parties

---

[1] The Court adds/substitutes the above-mentioned parties as Respondents in this case. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

waived appeal of the Order.  *Id.* at 56.  On February 23, 2026, Petitioner filed an I-360 Petition for Amerasian, Widow(er), or Special Immigration (VAWA) with USCIS, which remains pending.  (Doc. 1) at 3; (Doc. 3) at 5-23 (Petition).  Petitioner seeks immediate release from custody or an individualized bond hearing.  (Doc. 1) at 4.  Petitioner has also filed an Emergency Motion for a Temporary Restraining Order and/or Stay of Removal, in which she asks the Court to stay her removal from this District while her habeas Petition is pending. (Doc. 2).

Having conducted an initial review of the Petition, the Court will order Respondents to respond to the Petition and Emergency Motion for a Temporary Restraining Order.  Petitioner alleges that if her pending VAWA petition is approved, it will provide her with a path to legal permanent residency; but if she is removed to a third country of acceptance, she would be unable to pursue the petition.  *See* (Doc. 1) at 3; (Doc. 2); (Doc. 3) at 2.

The Clerk's Office has electronically served a copy of the Petition in this matter on all federal respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.  *See* (Doc. 5).  The United States Attorney's Office (USAO) shall answer the Petition (Docs. 1 and 3) and Emergency Motion for a Temporary Restraining Order (Doc. 2) within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted.  *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).  Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.

To preserve jurisdiction, the Court will grant Petitioner's request for an order preventing her transfer out of the District of New Mexico.  If a final removal order is entered, the USAO can ask the Court to lift the injunction.

IT IS THEREFORE ORDERED that:

1. The United States Attorney's Office must answer the Petition (Docs. 1 and 3) and Emergency Motion for a Temporary Restraining Order (Doc. 2) within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2. If Petitioner wishes to file an optional reply, she must do so within ten (10) business days after Respondents' response is filed;

3. The Government is enjoined from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court; and

4. The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.


/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.