IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOBEL YEBOAH ASARE,

     Petitioner,

v.                                     No. 2:26-cv-00731-KG-JFR

DORA CASTRO, et al.,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Jacobel Yeboah Asare's pro se habeas petition, Doc. 1. The Government responded to the Petition, Doc. 8, and Petitioner replied, Doc. 10. Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, and denies the petition without prejudice for the reasons below.

### I.    *Background*

Petitioner is a citizen of Ghana who entered the United States in 2023 on an F-1 student visa. Doc. 8 at 2. Petitioner's visa expired on June 16, 2024, "and Petitioner did not depart from the United States as required." *Id.* Immigration and Customs Enforcement arrested Petitioner in New Jersey on November 18, 2025. *Id.* She is currently held at the Otero County Processing Center in New Mexico. *Id.* at 2. On February 19, 2026, an immigration judge ("IJ") found Petitioner removable and denied her asylum application. *Id.* at 3. With the assistance of counsel, Petitioner waived her right to appeal her removal, and the IJ entered the final removal order on February 23, 2026. *Id.* at 3, 6.

1

Petitioner argues that her continued detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.  Doc. 1 at 3.  She seeks immediate release.  *Id.* at 4.  The Government opposes the Petition.  Doc. 8.

The Court enjoined Petitioner's transfer outside of New Mexico while this case is adjudicated.  *See* Doc. 6.  The Court stated that "[i]f a final removal order is entered, the [United States Attorney's Office] can ask the Court to lift the injunction."  *Id.* at 2.  The Government filed an emergency motion, Doc. 14, requesting the Court lift its prior Order enjoining transfer because it plans to remove Petitioner from the United States to Sierra Leone "within the first three weeks of May 2026."  *Id.* at 3; Doc. 14-1 at 1.

## II.   *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  During that 90-day removal period, the noncitizen is typically detained.  *Zadvydas*, 533 U.S. at 682.  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

## III.   *Analysis*

The Court concludes that Petitioner fails to meet the standards set out in *Zadvydas* and denies her petition without prejudice.  As of the date of this order, Petitioner has been detained for a little more than two months since her order of removal became administratively final on

February 23, 2026.  Doc. 8 at 3.  Her length of detention pending removal is within both the 90-day statutory removal period and the presumptively reasonable six-months contemplated in *Zadvydas*.

**IV.    *Conclusion***

The Petition for Writ of Habeas Corpus, Doc. 1, is denied without prejudice.  The Government's motion to permit transfer out of the District of New Mexico, Doc. 14, is granted.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.